UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT ZENAS WHIPPLE, III<br>Plaintiff, | ]<br>]<br>] |
| v. | ]    No. 1:14-0117 |
| | ]    CHIEF JUDGE HAYNES |
| REBECCA MILLAY, et al.<br>Defendants. | ]<br>] |

ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* (Docket Entry No. 2).

Plaintiff is an inmate at the Turney Center Industrial Prison in Only, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; <u>**or**</u>

    (b)    twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff filed this action against the Defendants: Debra Johnson, Warden of Turney Center; Bill Haslam Governor of Tennessee; Derrick Schofield, Commissioner of the Tennessee Department of Correction (TDOC); thirteen current or former members of the Turney Center staff; four TDOC employees; and two members of the State Attorney General's Office; complaining about conditions of his confinement. More specifically, Plaintiff alleges that the inmates at Turney Center are not allowed adequate access to the law library. In addition, he claims that he has been harassed in retaliation for his law-related activities.

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). Any act of retaliation based upon a prisoner's exercise of that right violates the Constitution, Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001), but such action must be such that "should deter a person ordinary firmness from the exercise of the right at stake." Thaddeus v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999). Plaintiff's complaint in this action and his multiple other actions is this Court clearly reflect that whatever the alleged acts of the Defendants, these acts do not deter Plaintiff in the exercise of his First Amendment rights.

Accordingly, this action is **DISMISSED with prejudice** for failure to state a claim. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

The Clerk is instructed to send a copy of this order to the Warden of the Turney Center

Industrial Prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 25th day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court