IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT ZENAS WHIPPLE, III | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-0117 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| REBECCA MILLAY, et al | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is the motion to dismiss (Docket Entry No. 107), filed by Defendants Rebecca Millay, Debra Johnson, David Gary, Kim Lake, Governor Bill Haslam, Commissioner Derrick Schofield, Pamela Lorch, Jason Woodall, Debra Inglis, Douglas Stephens, Rhonda Whitt, Jeff Butler, Kevin Treadwell, Julia Setzer, Terry Harrington, Roger Rochelle and Hannah Chandler, contending that Plaintiff's claims for injunctive relief are moot due to his prison transfer and Plaintiff's complaint fails to allege any facts as to Defendant Lake in her individual capacity.

Plaintiff, Robert Whipple, III, filed this action under 42 U.S.C. § 1983 against Governor Haslam and various employees of the Tennessee Department of Correction and the Tennessee Attorney General's Office alleging that these defendants violated his rights under the First Amendment by denying Plaintiff access to the courts and/or retaliating against him for filing grievances and legal actions against various state officials while Plaintiff was incarcerated at Turney Center Industrial Complex (TCIX).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege in his pleadings some factual basis for the claims of unconstitutional conduct as to each Defendant. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). "[C]onclusory allegations of unconstitutional conduct without

specific factual allegations fail to state a claim under section 1983." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). Plaintiff's complaint must identify each defendant and state what personal role each defendant played in the alleged violations of the plaintiff's rights and how each defendants conduct caused that violation. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Plaintiff's complaint fails to state any personal involvement by Defendant Lake in the alleged unconstitutional conduct. Thus, the Court concludes that Plaintiff's complaint fails to state a claim as to Defendant Lake and therefore, all claims against her should be dismissed.

As to Plaintiff's claim for injunctive relief against Defendants Millay, Johnson, Gary, Lake, Haslam, Schofield, Lorch, Woodall, Inglis, Stephens, Whitt, Butler, Treadwell, Setzer, Harrington, Rochelle, and Chandler in their official capacities, "the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy." Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." Speer v. City of Oregon, 847 F.3d 310, 311 (6th Cir. 1988)(quoting Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir. 1986)).

"There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing an [sic] injunction…" Aluminum Workers Int'l Union v. Consol. Aluminum Corp., 696 F.2d 437, 446 (6th Cir. 1982). Any injunctive relief must be tailored. United States v. Miami Univ., 294 F.3d 797, 816 (6th Cir. 2002). For injunctive relief, a plaintiff must show a continuing irreparable harm. City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1982); United States, 294 F.3d at 816; Kallstrom v. City of Columbus, 136 F.3d 1055, 1067 (6th Cir. 1998). The prospect of future harm cannot be

speculative. City of Los Angeles, 461 U.S. at 102. Moreover, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...if unaccompanied by any continuing, present adverse effects." Id.

Plaintiff's injunctive claims seek to compel the Defendants: (1) to keep the library open and accessible all scheduled hours, (2) to place Plaintiff on the "Legal Deadline List" until he is released, (3) to reinstate Plaintiff to his prison job, (4) to repair or replace inoperable law library computers, and (5) to make legal photocopies within 24 hours. When his complaint was filed, Plaintiff was housed at Turney Center, but has since been transferred to Bledsoe County Correctional Complex (BCCX) on April 22, 2015. (Docket Entry No. 108-1, TOMIS Arrival Departure Report). Subsequent to his transfer, Plaintiff filed a change of address with the court. (Docket Entry No. 27).

Here, Plaintiff seeks injunctive relief challenging the conditions at the prison where he was formerly incarcerated, but Plaintiff has been transferred to a different facility and thus, his injunctive relief claims are moot. Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010). With this transfer from Turney Center since April 2015, (Docket Entry No. 108-1, TOMIS Arrival/Departure Report), any claims for injunctive relief at Turney Center or its operations no longer present a controversy and consequently, are now moot.

Thus, Plaintiff's claims for injunctive relief against all Defendants should be dismissed. An appropriate Order is filed herewith.

**ENTERED** this the _5th_ day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge