UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| ROBERT ZENAS WHIPPLE, III, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:14-cv-00117 |
| | ) | CHIEF JUDGE CRENSHAW |
| REBECCA MILLAY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Cazz Crowder's Motion to Dismiss. (Doc. No. 135.) Because the Court finds Whipple's claims against Crowder are **MOOT**, the Motion to Dismiss is **GRANTED**. On sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also finds that Whipple's claims against defendants Kim Sims and Jeff Hughes are **MOOT** and must be **DISMISSED** for that reason. Finally, Whipple's claims against Defendant Crownover must be **DISMISSED** based upon the Suggestion of Death filed May 5, 2016.

### I. Statement of Facts

On September 3, 2014, Plaintiff Robert Zenas Whipple, III, proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983 against twenty-two defendants, alleging violations of his First Amendment rights. (Doc. No. 1, PageID# 281, 294.) Whipple was an inmate at Turney Center Industrial Complex during the times relevant to this action. (Doc. No. 1, PageID# 282.) He was transferred to Bledsoe County Correctional Complex in April 2015. (Doc. No. 27.)

Whipple's claims concern his access to Turney's law library and alleged retaliation for his filing of grievances and lawsuits. Specifically, Whipple alleges that: (1) Turney's law library was

1

open fewer than its posted hours, in violation of Tennessee Department of Correction (TDOC) policy, (*id.* at PageID# 296–98); (2) he faced long delays in being added to Turney's "legal deadline list," which gives inmates with pending legal deadlines additional law-library access, (*id.* at PageID# 298–301); (3) in retaliation for filing lawsuits and grievances, a false disciplinary charge was filed against him and, on the basis of this disciplinary charge, he was dismissed from Turney's "Serving with Canines" program and moved to a "more dangerous" housing unit with fewer privileges, (*id.* at PageID# 301–03); (4) Turney's "master callout" system hindered access to the courts by requiring prisoners to request law-library passes at least two days in advance, (*id.* at PageID# 303–04); (5) Turney charged a fee to print legal documents in violation of TDOC policy, (*id.* at PageID# 305–06); (6) a law-library computer shortage limited the time prisoners were allotted to do legal work on computers, (*id.* at PageID# 307–08); (7) one of Whipple's trust fund withdrawal forms was altered to replace "printout" with "copy" in order to "cover up" Turney's policy of charging for printing, (*id.* at PageID# 308); (8) Whipple was prevented from copying this altered form "to submit as an exhibit with a claim before the Tennessee Claims Administration as well as to send to authorities as proof of criminal conduct," (*id.* at PageID# 309–10); (9) Whipple was "forced to sign false Trust Fund Withdrawal forms," which stated that the withdrawal was for copies rather than printing, (*id.* at PageID# 310); and (10) six hours after arguing with Defendant Rebecca Millay, Turney's "Correctional Principal," about the trust fund forms, Whipple was moved to Turney's Unit 4, where he was exposed to tobacco smoke, his top bunk was unsecured and subject to collapse, and a gang leader threatened him. (*Id.* at PageID# PageID# 310–11.)

Whipple sued Debra Johnson, then Turney's Warden; David Gary and Kim Lake, sergeants at Turney; and Millay in their individual and official capacities. (Doc. No. 1, PageID# 281). He

sued the remaining defendants,[1] including Crowder (Turney's library supervisor), Sims (supervisor of Serving With Canines), and Hughes (Turney's fiscal director) in their official capacities only. (*Id.*) The complaint requested declaratory and injunctive relief, as well as compensatory damages from Millay and Johnson. (*Id.* at PageID# 281, 314.)

The Court granted Defendant Retrieving Independence's motion to dismiss (Doc. No. 74), finding that Whipple had failed to "allege plausible facts that Retrieving Independence, a private party, acted in concert with the state official who terminated Plaintiff's involvement with Serving with Canines." (Doc. No. 143, PageID# 866.) Upon the motion of Defendants Millay, Johnson, Gary, Lake, Haslam, Schofield, Lorch, Woodall, Inglis, Stephens, Whitt, Butler, Treadwell, Setzer, Harrington, Rochelle, and Chandler (Doc. No. 107), the Court dismissed all of Whipple's claims for injunctive relief against all defendants, reasoning that Whipple's transfer from Turney to a different facility mooted his claims for injunctive relief.[2] (Doc. No. 144, PageID# 868–69; Doc. No. 145). Whipple appealed that denial of an injunction and the Sixth Circuit affirmed, holding that "[n]o live controversy remains regarding the conditions at the prison where Whipple was

---

[1] Whipple also named Governor Bill Haslam; TDOC Commissioner Derrick Schofield; Arthur Crownover and Pamela Lorch, Senior Counsel in the Office of the Attorney General; Jason Woodall, TDOC Assistant Commissioner of Operations; Debra Inglis, TDOC General Counsel; Douglas Stephens, TDOC Office of General Counsel; Rhonda Whitt, TDOC Education Director; Jeff Butler, Turney's Associate Warden of Treatment; Jeff Hughes, Turney's Fiscal Director; Kim Sims, Turney counselor; Retrieving Independence; Kevin Treadwell and Julia Setzer, past Turney library supervisors; "CCO Harrington" and Rocher Rochelle, Turney relief library supervisors; and Hannah Chandler, former Turney school secretary. (Doc. No. 1, PageID# 281.)

[2] The Court's January 5, 2017 Order incorrectly states that this "action is dismissed" against these Defendants. (Doc. No. 145.) The accompanying memorandum is clear that only Whipple's claims for injunctive relief were dismissed. (Doc. No. 144.) Defendants Gary, Johnson, and Millay–whom Whipple named in their individual and official capacities–have answered and are proceeding with discovery. (Doc. No. 175.) The Court dismissed all claims injunctive relief and damages against Defendant Lake. (Doc. Nos. 144, 145.)

3

formerly incarcerated." *Whipple v. Millay*, No. 17-5083, 2017 WL 3159939, at *1 (6th Cir. July 13, 2017).

At the time of the Court's dismissal order, service of process had not been effected upon Defendants Kim Sims, Jeff Hughes, Arthur Crownover, and Cazz Crowder. (Doc. Nos. 50–52.) The Attorney General's Office filed a suggestion of Crownover's death on May 5, 2016, showing that he died on February 25, 2016. (Doc. No. 53.) Sims, Hughes, and Crowder no longer worked at Turney when service was attempted. (Doc. Nos. 50–52.) Pursuant to the Court's order, Defendant Derrick Schofield filed their addresses under seal (Doc. No. 102), and summonses to Sims, Hughes, and Crowder were re-issued on October 14, 2016 (Doc. No. 124.) Crowder and Hughes were served with process. (Doc. Nos. 127, 131.) Hughes has not appeared in this action. Defendant Sims has not yet been served. On Whipple's motion for assistance in effectuating service, the Court reissued a summons to Sims on September 12, 2017. (Doc. No. 198.)

Crowder was ultimately served on October 26, 2016, (Doc. No. 127), and he filed the instant motion to dismiss (Doc. No. 135) on December 23, 2016, accompanied by a memorandum of law (Doc. No. 136). Whipple responded in opposition on January 30, 2017 (Doc. No. 164), and Crowder has replied (Doc. No. 174). Crowder argues that Whipple's claims for injunctive relief against him should be dismissed as moot because Whipple no longer resides at the Turney. (Doc. No. 136, PageID# 854–56.)

## II. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim."

Fed. R. Civ. P. 8(a)(2). However, the plaintiff must allege sufficient facts to show that the claim is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Id*. (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Finally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.  Analysis

"A 'case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Townsend v. Vasbinder*, 365 F. App'x 657, 660 (6th Cir. 2010) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "To determine whether a case is moot this court considers 'whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Id.* (quoting *United States v. Detroit*, 401 F.3d 448, 450–51 (6th Cir. 2005)). Mootness also results "when events occur[ing] during the pendency of the litigation . . . render the court unable to grant the requested relief." *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

### A.  Crowder's Motion to Dismiss

In support of his Motion to Dismiss, Crowder argues that, "[b]ecause Plaintiff has not been housed at Turney Center since April 2015, any claims for injunctive relief based on his confinement at Turney Center or o[n] the operations at the prison have lost their character as a present live controversy and consequently, are now moot." (Doc. No. 136, PageID# 855.) Whipple responds that his claims are not moot because he seeks damages from some defendants, "continues to be subjected to retaliation and interference with access-to-courts," and seeks injunctive relief from TDOC that would apply to all of its facilities. (Doc. No. 164, PageID# 913.) Whipple also argues that his "claims are capable of repetition, yet evade review." (*Id.*)

Whipple named Crowder as a defendant in his official capacity as library supervisor, and his only claims against Crowder are for declaratory and injunctive relief regarding access to the courts and the law library at Turney. (Doc. No. 1, PageID# 281; *see id.* at PageID# 315.) Specifically, Whipple alleges that Crowder was "complicit in Millay's unlawful retaliation and hindrance of access to the courts, in that he carries out her orders." (*Id.* at PageID# 294.) Whipple also states that Crowder refused to provide him with a copy of Turney's current library hours to attach to this lawsuit, and Whipple states that Crowder pressured him to sign a trust fund withdrawal form that falsely stated the withdrawal was for copies when Whipple had instead printed original legal documents. (*Id.* at PageID# 296, 310.) According to Whipple, "Crowder consulted with Millay by telephone and told Plaintiff that he would either have to sign, surrender his privileged legal documents, or receive a disciplinary." (*Id.*)

Whipple requests an injunction ordering Defendants, including Crowder, to: (1) refrain from further retaliation; (2) keep the law library open and accessible during all scheduled hours; (3) place him on the legal deadline list; (4) remove all references to the false disciplinary charge from his record; (5) restore his package ordering privileges; (6) restore him as an animal trainer in

the "Serving with Canines" program; (7) discontinue the "master callout" system; (8) discontinue charges to print legal documents or amend the relevant policies to authorize these charges; (9) repair or replace inoperable law library computers; (10) refrain from altering trust fund withdrawal forms or forcing inmates to sign them; (11) make requested legal photocopies within 24 hours; and (12) return him to Unit 2. (Doc. No. 1, PageID# 315.)

A prisoner's transfer to a new facility moots claims for injunctive or declaratory relief arising from the particular conditions of confinement at the former prison. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Finding mootness is proper even where a prisoner faces the same issues giving rise to his original claims at the new facility. *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003). For example, in *Henderson*, the plaintiff requested an injunction ordering that he be transferred to a smoke-free facility. *Id.* He subsequently moved to a different facility where he still faced exposure to environmental tobacco smoke. *Id.* The court found that the plaintiff's claim was moot to the extent he requested injunctive relief against officials at the former facility. *Id.*

Whipple's claims against Crowder are moot because Whipple's complaint seeks to alter policies and practices specific to Turney, and he is no longer imprisoned there. Thus, "no actual injury remains that the Court could redress with a favorable decision." *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). In fact, the Sixth Circuit has already found Whipple's claims for injunctive relief moot with respect to all the other defendants then present before the Court. *Whipple*, 2017 WL 3159939, at *1. The law of the case doctrine bars reconsideration of that determination now. *United States v. Rayborn*, 495 F.3d 328, 337 (6th Cir. 2007) (quoting *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006)). Whipple's claims against Crowder are

moot based on his transfer from Turney just as they are moot against the other defendants. *See, e.g.*, *Kensu v. Rapelje*, No. 12-11877, 2015 WL 5302816, at *2 (E.D. Mich. Sept. 10, 2015).

Whipple's arguments otherwise are unavailing. First, his complaint does not seek damages from Crowder. (*See* Doc. No. 1, PageID# 315.) Second, even if Whipple "continues to be subjected to retaliation and interference with access-to-courts" at Bledsoe County Correctional Complex, (Doc. No. 164, PageID# 913), Crowder has no authority to alter those conditions. *See, e.g.*, *Jackson v. Stoddard*, No. 1:13-cv-1297, 2014 WL 2862614, at *2 (W.D. Mich. June 24, 2014) (finding moot plaintiff's motion to compel defendant to grant plaintiff access to law library because "plaintiff is no longer housed in a facility in which [defendant] exercises any authority"). Third, his complaint does not state a claim for injunctive relief beyond Turney because his allegations and request for injunctive relief relate only to conditions there. (*See* Doc. No. 1, PageID# 315.) Insofar as Whipple's request that his disciplinary report be removed from his record could be construed as a request for broader relief, (Doc. No. 1, PageID# 315; Doc. No. 164, PageID# 913–14), Crowder, as Turney's former librarian, is not a proper defendant to that claim. Whipple has not alleged that Crowder has any role in the maintenance of inmate disciplinary records. *See Street v. Rodriguez,* No. 12-13995, 2014 WL 840083, at *3–5 (E.D. Mich. Mar. 4, 2014).

Whipple makes a final attempt to save his claims against Crowder by arguing that they are "capable of repetition, yet evade review." (Doc. No. 164, PageID# 913.) This exception to mootness applies where the challenged action is "too short in duration to be fully litigated before it ceases" and where there is a "reasonable expectation that the same parties will be subjected to the same action again." *Wilson v. Gordon*, 822 F.3d 934, 951 (6th Cir. 2016) (quoting *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 430 (6th Cir. 2013)). Whipple asserts that he meets this standard because "the appeal in this matter was still pending

when the plaintiff was transferred" and because "the plaintiff could be transferred back to Turney Center at any time." (Doc. No. 164, PageID# 916.) But mootness can befall an action at any point while it is pending, even while on appeal, and Whipple's "assertion that he might return to [Turney] at an unknown future date does not fall within the exception to the mootness doctrine for matters 'capable of repetition, yet evading review'; such speculation simply does not constitute a reasonable showing that he will again be subjected to the conditions at [Turney]." *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) (unpublished table decision). Whipple's claims against Crowder are simply and unavoidably moot.

### B. Dismissal of Whipple's Claims Against Hughes and Sims

The same reasoning applies with equal force to Whipple's claims against Defendants Hughes and Sims. Whipple sued both defendants in their official capacities only. (Doc. No. 1, PageID# 292.) He seeks only injunctive relief against both regarding the conditions of confinement at Turney. (*Id.* at PageID# 314.) As the Sixth Circuit held, "[n]o live controversy remains regarding the conditions at the prison where Whipple was formerly incarcerated." *Whipple v. Millay*, No. 17-5083, 2017 WL 3159939, at *1 (6th Cir. July 13, 2017). Whipple's claims for injunctive relief against Hughes and Sims are therefore also moot.

Because Whipple proceeds *in forma pauperis*, the court must "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court cannot grant relief for a moot claim. Accordingly, the Court must also dismiss Whipple's claims against Hughes and Sims at this juncture.

### C. Whipple's Claims Against Crownover

Finally, the Attorney General's Office filed a suggestion of Defendant Crownover's death on May 5, 2016, submitting evidence that Crownover died on February 25, 2016. (Doc. No. 53.) No motion for substitution of a proper party has been filed. Because more than ninety days have passed since service of the suggestion of death, Whipple's claims against Crownover must be dismissed. Fed. R. Civ. P. 25(a)(1).

**IV.    Conclusion**

For these reasons, Defendant Crowder's Motion to Dismiss (Doc. No. 135) is **GRANTED**. All claims are **DISMISSED** against Defendants Crowder, Hughes, Sims, and Crownover.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE